UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


UNITED STATES OF AMERICA          )
                                  )
v.                                )          NO. 2:99-CR-26
                                  )
BILLY JOE PRICE                   )


# O R D E R

This supervised release revocation matter came before the Court on
July 18, 2005, for the defendant's second revocation hearing.  On November 18, 2002,
the defendant did not contest that he had violated the terms of his supervised release by
having a four positive drug screens for marijuana on July 2, 2002, for cocaine on
August 1, 2002, for marijuana and cocaine on August 19, 2002, and for cocaine on
September 19, 2002.  The defendant's term of supervised release was revoked and he
was sentenced to serve a term of 11 months in custody.  Following the service of this
sentence, he was placed on a term of supervised release of two (2) years. On September
22, 2003, his second term of supervised release began.

The defendant stipulated that he has violated the terms of his supervised
release because he illegally possessed a controlled substance.  However, he denied that
he had committed another federal, state, or local crime.  On May 13, 2005, in Johnson

City, Tennessee, he received a citation for simple possession of Schedule VI drugs, i.e. marijuana, and for possession of drug paraphernalia. He is presently scheduled to appear on this charges on August 11, 2005 in the General Sessions Court for Washington County, Tennessee.

On May 13, 2005, the defendant was living at the Johnson Inn, in Johnson City even though he had an apartment in Elizabethton, Tennessee. Officer Joe Jaynes, who is employed at the Johnson City Police Department, testified at the revocation hearing and stated that on that date he went to the room of the defendant based on the information given to him by a housekeeper at the motel. After calling for backup, Officer Jaynes knocked on the defendant's door and asked if he could enter. The defendant said yes, and Officer Jaynes observed baggies, hypodermic needles, and a spoon with white residue on it. When his room and bathroom was searched, 70 baggies, 3 of which contained white residue, were found along with a small bag of marijuana which was found floating in the commode. At the time of his arrest, $1296.00 in small denomination bills was seized from the defendant, who was unemployed at the time.

When he reported his citation to probation, he said he needed to return to drug classes, because he had been using needles. However, probation recommended inpatient care and referred him to Dave Sims at Comprehensive Community Services. On May 16, 2005, he called probation and reported that he was supposed to go to the inpatient program that day but he could not because he had to deal with the police about

2

a traffic accident. He also said that he would be in Washington County Sessions Court on May 17, 2005 regarding his new charges. Probation told him to report to inpatient care on May 17, 2005 after his court appearance. At 9:00 p.m. on May 16, 2005, he was involved in a single vehicle motorcycle accident. He was air lifted to the Johnson City Medical Center where he was hospitalized until May 23, 2005.

The Court finds that by the defendant's stipulation that he illegally possessed a controlled substance, that he has also admitted that he committed a state crime. Based upon this admission and the proof at his revocation hearing, the Court finds that the defendant committed both of the violations of which he is accused.

It was undisputed that the defendant's violation guideline range is now five (5) months to eleven (11) months. Considering the factors set out in 18 *U.S.C.* § 3553(a), the Court finds that these factors suggest that a reasonable sentence in this case is at the top of that range. The defendant's conduct in violation of his supervised release was serious. His personal characteristics which involve repeated abuse of drugs and his criminal history are serious. Most importantly, there is a need to protect the public from the crimes of Mr. Price because he has clearly shown that he is not amenable to supervision.

Accordingly, it is hereby **ORDERED** that the defendant's term of supervised release is revoked and he is sentenced to serve a term of eleven (11) months imprisonment. The defendant will not be subject to any additional term of supervised

3

release following the service of this sentence.

As previously noted, the defendant was seriously injured in a motorcycle accident on May 16, 2005, and he is presently confined to a wheel chair. It is hereby **RECOMMENDED** that the defendant be designated to the federal facility at Butner, North Carolina or Lexington, Kentucky for the service of his sentence in order for his medical needs to be met.

The defendant requested that he be permitted to self-report to his designated facility due to his present medical condition and his upcoming medical treatment. The Court FINDS, and the government concedes, that the defendant is not a risk to flee. However, the Court also finds that the defendant is a danger to the public; however, this danger may be minimized by placing the defendant on electronic monitoring. The Court also FINDS that the defendant's medical condition constitutes an exceptional reason within the meaning of 18 *U.S.C.* § 3145(c). See *United States v. Cook*, 42 Fed.Appx. 803 (6th Cir. 2002) (Not selected for publication in the Federal Reporter).

Therefore, it is hereby **ORDERED** that the defendant will be permitted to self-report to his designated facility. Until the date he is to report to prison, the defendant shall live with his mother, Barbara Perry Bradley, and shall remain on electronic monitoring twenty-four hours a day except for his doctor's appointments. The defendant shall notify probation seventy-two (72) hours in advance of any

4

scheduled doctor's appointment that he has.   The defendant shall return home within

2 ½ hours of his scheduled appointment, or have the doctor's office call the  probation

officer to report the reason for the delay.


ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
